UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARISA PORRAS,

    Plaintiff,

v.                                                  Case No: 8:21-cv-423-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Compel Discovery, for Sanctions and Response to Plaintiff's Motion for a Protective Order (Dkt. 30) and Plaintiff's response (Dkt. 39); and Plaintiff's Amended Motion for Protective Order (Dkt. 32) and Amended Motion to Compel (Dkt. 34), and Defendant's response (Dkt. 38) (collectively, the "Motions"). On January 7, 2022, the Court conducted a hearing on the Motions. Upon consideration, and for the reasons stated during the hearing, it is **ORDERED** as follows:

1. Defendant's Motion to Compel Discovery (Dkt. 30) is **GRANTED** to the extent that Defendant may re-depose Plaintiff regarding the circumstances of the subject accident. The Motion is **DENIED** to the extent that Defendant's questions at the supplemental deposition are limited to those which would elicit an oral response. *See* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person . . ."); *see also Udkoff v. Hiett*, 676

So. 2d 522, 523 (Fla. 2d DCA 1996) (finding that "[a]lthough a witness may choose to draw something to help explain his or her testimony, a trial court is without any authority to compel the deponent to create a drawing."). Defendant's request for sanctions is **DENIED**.

2. Plaintiff's Motion for a Protective Order (Dkt. 32) is **GRANTED** to the extent that, as stated above, Defendant's may only ask Plaintiff questions at the supplemental deposition that would elicit an oral response.

3. Plaintiff's Amended Motion to Compel (Dkt. 34) is **GRANTED in part** and **DENIED in part** as follows:

    a. With respect to Interrogatory No. 1, Plaintiff's Amended Motion is denied without prejudice. Defendant has provided the requested material in part. Plaintiff may inquire about such information at each expert's deposition. *See* Fed. R. Civ. P. 26(b)(4) ("A party may depose an expert who has been identified as an expert whose opinions may be presented at trial); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

    b. With respect to Interrogatory Nos. 2, 3, 4, and 5, Plaintiff's Amended Motion is granted to the extent that Defendant shall respond to those requests as they seek information that is relevant and proportional to the needs of the case. *See McArdle v. City of Ocala, FL*, 451 F. Supp. 3d

1304, 1308 (M.D. Fla. 2020) ("Relevancy and proportionality are the guiding principles: 'Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'") (quoting Fed. R. Civ. P. 26(b)(1)).

c. With respect to Request for Production No. 1, Plaintiff's Amended Motion is denied as Defendant asserts that it has provided all of the non-privileged information requested. To the extent Defendant has not produced all of the available non-privileged information requested, Defendant shall do so on or before January 17, 2022.

d. With respect to Requests for Production Nos. 2 and 3, Plaintiff's Amended Motion is granted to the extent that Defendant shall respond to these requests and provide any non-privileged material not already provided. Defendant shall supplement its responses on or before January 17, 2022.

e. Plaintiff's request for sanctions is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on January 12, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record