UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARISA PORRAS,

    Plaintiff,

v.                                                                    Case No: 8:21-cv-423-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

THIS MATTER is before the court on Plaintiff's request for an evidentiary hearing on its Motions to Exclude Expert Testimony and Defendant's objections to the request. On February 28, 2022, Plaintiff filed her Motion to Exclude Expert Testimony of Dr. Jeremy Cummings (Dkt. 57), Motion to Exclude Expert Testimony of Dr. James M. Bullock (Dkt. 59), and Motion to Exclude Expert Testimony of Dr. Neil Schechter (Dkt. 61) ("Motions"). Plaintiff further requested that an evidentiary hearing be held on each Motion. (Dkts. 58, 60, 62.) On March 21, 2022, the court directed the Government to respond to the Motions and further scheduled an evidentiary hearing for April 8, 2022. (Dkt. 72.) On March 23 and 24, 2022, the Government filed its responses to Plaintiff's Motions to Exclude. (Dkts. 75, 76, 77.) In each response, the Government requests this court to cancel the scheduled evidentiary hearing. (*Id.*) The Government maintains that Plaintiff's Motions are

properly considered as motions in limine and that "the gatekeeping requirements of *Daubert* are not implicated here." (*Id.*) The Government further maintains that because this case would involve a non-jury trial, "pretrial consideration of such motions 'weighs heavily in favor of denying the motions in limine and addressing the issues if and when they come up at trial.'" (Dkt. 77 at 5 (quoting *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 616 F. Supp. 2d 1250, 1256 (M.D. Fla. 2009)).

In federal court, expert opinions must meet the admissibility guidelines announced by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702. Before permitting expert opinion testimony, the court must make certain that the expert employs "in the courtroom the same level of intellectual rigor that characterizes the practice of the expert in the field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The court must act as gatekeeper to prevent speculative and unreliable "expert" testimony from reaching the jury. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (noting that the "task of evaluating the reliability of expert testimony is uniquely entrusted to the district court under *Daubert*"). The gatekeeping role is "significant" because an "expert's opinion 'can be both powerful and quite misleading.'" *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (quoting *Daubert*, 509 U.S. at 595).

However, in actions set for a non-jury trial, such as this matter, "[t]here is considerable legal support for the proposition that the *Daubert* gatekeeping function is

relaxed." *See SE Property Holdings, LLC v. Center*, No. 15-cv-0033-WS-C, 2017 WL 242610, at *3 (S.D. Ala. Jan. 19. 2017). That is because the court, sitting as trier of fact, is in the best position to distinguish between persuasive and insufficient expert evidence at trial. *See, e.g.*, *United States v. Brown*, 415 F.3d 1257, 1268–69 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself."); *N.W.B. Imports & Exports, Inc. v. Eiras*, No. 3:03-cv-1071-J-2-MMH, 2005 WL 5960920, at *1 (M.D. Fla. Mar. 22, 2005) ("Because this is a non-jury trial, the gatekeeping purpose of *Daubert* is not implicated. The Court will therefore receive [the expert's] testimony, make a final admissibility decision and, if admissible, accord it the weight, if any, it deserves."); *see also Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) ("Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."). As such, an evidentiary hearing is not required at this time on Plaintiff's motions to exclude expert testimony.

Upon consideration, the court will defer holding an evidentiary hearing at this time and will proceed with hearing argument from the parties on the pending Motions, without witness testimony.

Accordingly, it is **ORDERED**:

1. The evidentiary hearing previously scheduled for April 8, 2022 is hereby cancelled.

2. On April 8, 2022, the court will conduct a hearing on Defendant's Motion in Limine (Dkt. 40) and Plaintiff's Motions to Exclude Testimony (Dkts. 57, 59, 61).

3. Defendant's Opposed Motion to Have Experts Appear at the *Daubert* Hearing Over Video Medium (Dkt. 79) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, on April 4, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record