UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARISA PORRAS,

    Plaintiff,

v.                                                                       Case No: 8:21-cv-423-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

Defendant, seeking to exclude certain evidence, filed its Motion in Limine (Motion, Dkt. 40) and Plaintiff responded in opposition to the Motion (Dkt. 45). On April 8, 2022, the court held a hearing on the Motion. For the reasons set forth below, the Motion is granted in part and denied in part.

## BACKGROUND

On February 23, 2021, Plaintiff filed her complaint against the United States of America ("Defendant"). (Dkt. 1.) Plaintiff sues Defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2674 *et seq.*, to recover for injuries she sustained in a motor vehicle accident involving an employee of the United States Postal Service. (*Id.*)

On May 10, 2021, the parties filed their Case Management Report. (Dkt. 10.) Pursuant to the deadline in the Case Management Report, Plaintiff served her Rule 26(a)(1) initial disclosures. Plaintiff subsequently supplemented those disclosures on

July 13, 2021 and September 2, 2021. On September 22, 2021, the parties filed their Amended Case Management Report. (Dkt. 21.) In the Amended Case Management Report, the parties proposed, among other things, that Plaintiff's Rule 26(a)(2) expert witness disclosures would be due on October 8, 2021, and that the deadline to complete discovery would be December 10, 2021. (*Id.*) On September 27, 2021, the court entered its Case Management and Scheduling Order, approving the parties' proposed deadlines for Plaintiff's Rule 26 expert disclosures and discovery. (Dkt. 22.) Moreover, the parties' pretrial conference is scheduled for July 7, 2022, and the trial is scheduled for the August 2022 trial term. (Dkt. 42.)

On October 8, 2021, Plaintiff served her Rule 26(a)(2) expert disclosure. In that expert disclosure, Plaintiff disclosed a traffic accident reconstructionist, Dr. Swope. Two months later, on December 13, 2021, Plaintiff served her "Disclosure of Rule 26(a)(2)(C) Experts," identifying 11 medical providers "who are experts or specialists in their respective fields who may be called to testify at trial and asked to provide expert or opinion testimony, but whom were not retained by Plaintiff." (Dkt. 40-2.) As to each provider, Plaintiff indicated that she expected these individuals to testify as experts regarding causation. (*Id.* at 2–8.) Plaintiff indicates that she identified these 11 treatment providers "by way of supplement . . . to provide additional or corrective information with respect to [Plaintiff's] treating physicians who are expected to offer opinions at trial, but who are not retained experts." (Dkt. 45 at 4.)

On December 23, 2021, Defendant filed the instant Motion, seeking to prevent the 11 treatment providers from testifying as to causation, the reasonableness of

Plaintiff's medical bills, and future "prognosis/needs" of Plaintiff due to the untimely nature of the disclosure. (Dkt. 40.) Defendant also requests that "Plaintiff's unknown treating physicians should be excluded from opining on causation." (*Id.* at 4.)

At the hearing on April 8, 2022, Defendant represented that it was no longer seeking to prevent the treatment providers from testifying as to the reasonableness of Plaintiff's medical bills and Plaintiff's future care. Rather, Defendant explained that its sole remaining contention is whether Plaintiff's treatment providers can provide expert opinions as to the causation of Plaintiff's injuries.

## APPLICABLE STANDARDS

All parties must "disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2). These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If a witness "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the "disclosure must be accompanied by a written report." Fed. R. Civ. P. 26(a)(2)(B). Otherwise, the disclosure must state "the subject matter on which the witness is expected to present" expert testimony and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "A treating physician is a common type of nonretained expert." *Rodriguez v. Walmart Stores East, L.P.*, No. 2:20-cv-474-SPC-NPM, 2021 WL 4750087, at *3 (M.D. Fla. Oct. 12, 2021). If a party fails to provide information or identify a witness under Rule 26(a), then the party is not allowed to use that information or witness to

supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## ANALYSIS

Defendant contends that testimony of the medical providers in Plaintiff's "Disclosure of Rule 26(a)(2)(C) Experts" should be limited because the disclosure was untimely. (Dkt. 40.) According to the Case Management Scheduling Order, the deadline for Plaintiff's expert disclosure was October 8, 2021. (Dkt. 22.) However, the expert disclosure was not served until December 13, 2021. (Dkt. 40-2.) Plaintiff acknowledges the disclosure is untimely but argues that her treating physicians' testimony should not be limited because the late disclosure is harmless. (Dkt. 45.)

"A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682-83 (M.D. Fla. 2010) (citation omitted). The party failing to comply with the Rule 26(a)(2)(C) disclosure requirements bears the burden of establishing that its noncompliance was harmless. *Id.* at 83 (citations omitted).

In this circuit, courts have used a five-factor test to determine whether an insufficient Rule 26(a)(2)(C) disclosure was harmless: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Pugliese v. Texas Roadhouse, Inc.*, No. 5:17-cv-392-OC-PRL, 2018 WL 3757762, at *2 (M.D. Fla. Aug. 8, 2018). "Most commonly, the harm

associated with untimely expert witness disclosures is the non-disclosing party's inability to adequately prepare its case by deposing the witness during the discovery period." *Morrison v. Mann*, 244 F.R.D. 668, 673 (N.D. Ga. 2007).

Here, the court finds that Plaintiff's untimely disclosure of its Rule 26(a)(2)(C) experts is harmless. At the hearing, Defendant acknowledged that even if it were granted additional time to depose the untimely-disclosed medical providers, it had no interest in doing so. Moreover, Plaintiff represented that after the late disclosure, she informed Defendant that she was willing to cooperate in the coordination of depositions of any treating physician Defendant desired to take, despite the passing of the discovery deadline. In light of these representations and the current schedule of the case, the court finds that the untimely disclosure is harmless. *See Maldonado v. Cooperativa De Seguras Multiples De P.R., Inc.*, No. 8:13-cv-2361-35TBM, 2015 WL 1283896, at *1 (M.D. Fla. Apr. 27, 2015) (finding an untimely expert disclosure to be harmless because "there is more than ample time for Defendant to take discovery from this witness"); *Bodden v. Cole*, No. 3:11-cv-127-J-20MCR, 2012 WL 33051, at *2 (M.D. Fla. Jan. 6, 2012) (finding that an untimely expert disclosure would be harmless where there was plenty of time before trial and the court reopened discovery for this limited purpose); *Ellison v. Windt*, No. 6:99-cv-1268-ORLKRS, 2001 WL 118617, at *3 (M.D. Fla. Jan. 24, 2001) (finding an untimely expert disclosure to be harmless where the opposing side had ample time to depose the expert). Thus, Defendant's request to prevent the 11 treatment providers from testifying as to causation due to the untimely disclosure is denied. Nevertheless, to avoid cumulative testimony, Plaintiff agreed to

strike Hector Sanchez-Pereira and further represented that she would only use one of the providers listed in the disclosure from Optimal Physical Therapy.

Defendant also contends that Plaintiff's Second Amended Initial Rule 26(a) Disclosure improperly lists medical practices without specifying the names of the doctors from those practices. (Dkt. 40 at 1 n.1, 4.) Defendant argues that Plaintiff disclosure thereby fails to comply with Rule 26. The court agrees. Rule 26 does not allow a party to list merely a doctor's medical practice. *See Rodriguez*, 2021 WL 4750087, at *4. Moreover, although the medical records Plaintiff produced may include each doctor's name, "[s]imply dumping records on an opposing party does not satisfy the clear, simple requirements of Rule 26(a)(2)(C)." *Rodriguez*, 2021 WL 4750087, at *4. *See also Pugliese*, 2018 WL 3757762, at *2 ("Importantly, disclosure of the treatment providers' medical records does not mean that the 'summary of the facts and opinions' prong of Rule 26(a)(2)(C) has been fulfilled."). As such, treating providers that have not been specifically listed and disclosed are excluded from offering opinions as to causation of Plaintiff's injuries stemming from the motor vehicle accident at issue. *See Goncharenko v. Royal Caribbean Cruises, Ltd.*, 734 F. App'x 645, 647 (11th Cir. 2018) (noting that the only timely Rule 26 disclosure "did not even include names" and finding that Plaintiff's attempt to satisfy the expert disclosure requirements by referring the defendants to the records received through discovery "defeats the purpose of the Federal Rules, and would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a 'summary'") (internal quotation marks and citation omitted).

Accordingly, for the reasons stated above, Defendant's Motion in Limine (Dkt. 40) is **GRANTED in part** and **DENIED in part**.

**ORDERED** in Tampa, Florida, on May 27, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record