UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARISA PORRAS,

    Plaintiff,

v.                                                                                                                  Case No: 8:21-cv-423-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

Plaintiff seeks to exclude Defendant's experts' testimony under *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). Plaintiff filed her Motion to Exclude Expert Testimony of Dr. Jeremy Cummings (Dkt. 57), Motion to Exclude Expert Testimony of Dr. James M. Bullock (Dkt. 59), and Motion to Exclude Expert Testimony of Dr. Neil Schechter (Dkt. 61) ("*Daubert* Motions"), and Defendant filed responses in opposition (Dkts. 75, 76, 77). Additionally, Plaintiff seeks entry of partial summary judgment ("Summary Judgment Motion") (Dkts. 63, 82), which Defendant opposes (Dkt. 71). On April 8, 2022 and April 25, 2022, the court held hearings on the Motions. For the reasons set forth below, Plaintiff's *Daubert* Motions (Dkts. 57, 59, 61) and Summary Judgment Motion (Dkt. 63) are denied.

## BACKGROUND

This action arises out of a March 5, 2019 motor vehicle accident between Plaintiff, Marisa Porras, and United States Postal Service employee, Natasha Michelle

Prieto, in Manatee County, Florida. (Dkt. 1.) As a result, Plaintiff brings this lawsuit against the United States of America ("Defendant") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2674 *et seq.* ("FTCA"), to recover for injuries sustained in the accident. (*Id.*) In the complaint, Plaintiff alleges that Ms. Prieto was negligent while acting within the course and scope of her employment as a postal truck driver. (*Id.*) Defendant answered, asserted affirmative defenses, and filed a counterclaim against Plaintiff. (Dkt. 7.) The parties stipulated to the dismissal of the counterclaim. (Dkt. 97.)

The parties proceeded through discovery and are now preparing for an August 2022 bench trial.[1] Plaintiff now seeks to exclude Defendant's experts and moves for partial summary judgment.

**A. *Daubert* Motions (Dkts. 57, 91, 61)**

Plaintiff requests that the court exclude the opinion testimony of Drs. Jeremy Cummings, James M. Bullock, and Neil Schechter on the grounds that their opinions are wholly unreliable. Defendant responds that Plaintiff's *Daubert* Motions are motions in limine and that "the gatekeeping requirements of *Daubert* are not implicated here." (Dkts. 75, 76, 77.) Defendant further maintains that because this case would not involve a jury trial, "pretrial consideration of such motions 'weighs heavily in favor of denying the motions in limine and addressing the issues if and when they come up at trial.'" (Dkt. 77 at 5 (quoting *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*,

---

[1] As this action is brought under the FTCA, there is no right to trial by jury. 28 U.S.C. § 2402.

616 F. Supp. 2d 1250, 1256 (M.D. Fla. 2009)). Nonetheless, Defendant maintains that the opinions offered by these witnesses are sufficiently reliable, reasonably certain, and will assist the trier of fact. (*Id.*)

In determining the admissibility of expert testimony under Federal Rule of Evidence 702, "[t]he court serves as a gatekeeper, charged with screening out experts whose methods are untrustworthy or whose expertise is irrelevant to the issue at hand." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007). A determination of admissibility requires findings that "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)). The party offering an expert has the burden of satisfying each of these elements by a preponderance of the evidence. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1107 (11th Cir. 2005).

The focus of the *Daubert* analysis is "on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. "Thus, the proponent of the [expert] testimony does not have the burden of proving that it is scientifically correct, but that by a preponderance of the evidence, it is reliable." *Allison v. McGhan*

*Med. Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3rd Cir. 1994)). "The evidentiary requirement of reliability is lower than the merits standard of correctness. *Daubert* states that a judge should find an expert opinion reliable under Rule 702 if it is based on 'good grounds,' *i.e.*, if it is based on the methods and procedures of science." *In re Paoli*, 35 F.3d at 744. Hence "in most cases, objections to the inadequacies of a [scientific] study are more appropriately considered an objection going to the weight of the evidence rather than its admissibility." *Quiet Tech. DC-8, Inc. v. Hurel–Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) (quoting *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1188 (9th Cir. 2002)).

Thus, the court acts as gatekeeper to prevent speculative and unreliable "expert" testimony from reaching the jury. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (noting that the "task of evaluating the reliability of expert testimony is uniquely entrusted to the district court under *Daubert*"). The gatekeeping role is "significant" because an "expert's opinion 'can be both powerful and quite misleading.'" *Frazier*, 387 F.3d at 1260 (quoting *Daubert*, 509 U.S. at 595).

However, in actions set for a non-jury trial, such as this matter, "[t]here is considerable legal support for the proposition that the *Daubert* gatekeeping function is relaxed." *See SE Property Holdings, LLC v. Center*, No. 15-cv-0033-WS-C, 2017 WL 242610, at *3 (S.D. Ala. Jan. 19. 2017). That is because the court, sitting as trier of fact, is in the best position to distinguish between persuasive and insufficient expert

evidence at trial. *See, e.g.*, *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself."); *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) ("Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."); *Ass Armor, LLC v. Under Armour, Inc.*, No. 15-cv-20853-Civ-COOKE/TORRES, 2016 WL 7156092, at *4 (S.D. Fla. Dec. 8, 2016) ("As this is a bench trial without a jury, however, the need for an advance ruling to exclude [an expert's] testimony is superfluous and unnecessary.").

Here, the court finds that Plaintiff's concerns with Defendant's experts are more appropriately addressed at trial when all the facts can be considered in detail. *See Brown*, 415 F.3d at 1269; *N.W.B. Imports & Exports, Inc. v. Eiras*, No. 3:03-cv-1071-J-2-MMH, 2005 WL 5960920, at *1 (M.D. Fla. Mar. 22, 2005) ("Because this is a non-jury trial, the gatekeeping purpose of *Daubert* is not implicated. The Court will therefore receive [the expert's] testimony, make a final admissibility decision and, if admissible, accord it the weight, if any, it deserves."); *see also City of S. Miami v. Desantis*, No. 19-cv-22927-BLOOM/Louis, 2020 WL 7074644, at *6-7 (S.D. Fla. Dec. 3, 2020) (discussing how borderline admissible evidence is less of concern for bench trials). If any shortcomings regarding the experts' qualifications arise or part of the experts' testimony appear irrelevant or unreliable, Plaintiff may present her arguments through "[v]igorous cross examination [and the] presentation of contrary evidence" at trial.

*Daubert*, 509 U.S. at 596; *see also U.S. v. Ala. Power Co.*, 730 F.3d 1278, 1282–85 (11th Cir. 2013) (the *Daubert* inquiry "is not intended to supplant" cross-examination and presentation of contrary evidence). By proceeding in this manner, the court will be in a better position to assess whether and how much weight to give Defendant's experts' testimony. *See Huff v. United States*, No. 19-cv-14100-MARTINEZ/MAYNARD, 2022 WL 1126713, at *4 (S.D. Fla. Apr. 4, 2022) (noting that "[t]he court, sitting as trier of fact, is in the best position to distinguish between persuasive and shaky expert evidence at trial and it is thus accepted that the importance of the pretrial exclusion process contemplated by *Daubert* is lessened in that situation"); *NBIS Constr. & Transp. Ins. Servs., Inc. v. Liebherr-Am., Inc.*, No. 19-2777-AAS, ECF Doc. 96 (M.D. Fla. June 22, 2021) (denying without prejudice motion to exclude expert witness and noting that "the court can address these issues with the benefit of the context of the trial and can disregard inadmissible evidence"); *Seitz v. United States*, No. 2:14-cv-60-WCO, 2015 WL 13719668, at *4 (N.D. Ga. July 29, 2015) (denying motions to exclude expert witnesses in an FTCA case since "the better time to address each exclusion request is at the time of trial" especially "where the trier of fact is the court"); *Bristol-Myers Squibb Co. v. Andrx Pharm., Inc.*, 343 F. Supp. 2d 1124, 1131 (S.D. Fla. 2004) (advance rulings on admission of evidence are unnecessary in bench trial "where the Court must evaluate the evidence regardless of whether it ultimately decides to exclude it").

As to Plaintiff's contention that Dr. Bullock's Second Supplemental Rule 26 Expert Disclosure should be excluded as untimely (Dkt. 59 at 16–17), the court notes

that Plaintiff was provided with the disclosure (Dkt. 59-1) before taking Mr. Bullock's deposition. As such, even if untimely, the court finds that the disclosure was harmless as Plaintiff received this information well in advance of trial and prior to the deposition. *See Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682–83 (M.D. Fla. 2010) ("A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure.").

Accordingly, Plaintiff's Motion to Exclude Expert Testimony of Dr. Jeremy Cummings (Dkt. 57), Motion to Exclude Expert Testimony of Dr. James M. Bullock (Dkt. 59), and Motion to Exclude Expert Testimony of Dr. Neil Schechter (Dkt. 61) are denied without prejudice. Plaintiff may renew her arguments, if appropriate under the circumstances, at trial.

### B. Plaintiff's Summary Judgment Motion (Dkt. 63)

Plaintiff moves for partial summary judgment on the issues of liability, causation, and permanency. (Dkt. 63.) Defendant opposes the Summary Judgment Motion, arguing that genuine issues of material fact exist. (Dkt. 71.)

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed. R. Civ.

P. 56(c)(1)(A). "The court need consider only the cited materials" when resolving a motion for summary judgment. Fed. R. Civ. P. 56(c)(3); *see also HRCC, LTD v. Hard Rock Café Int'l (USA), Inc.*, No. 16-17450, 2017 WL 3207125, at *2 (11th Cir. July 28, 2017) (per curiam) (holding that a district court does not err by limiting its review to the evidence cited by the parties in their summary judgment briefs).

A factual dispute is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record showing a lack of a genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows that no evidence supports the non-moving party's case, the burden then shifts to the non-moving party to show that there are, in fact, genuine factual disputes which preclude judgment as a matter of law. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must go beyond the pleadings and "identify affirmative evidence" which creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). In determining whether a genuine dispute of material fact exists, the court must read the

evidence and draw all factual inferences in the light most favorable to the non-moving party and must resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). The court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587.

As noted above, the court has jurisdiction over this lawsuit pursuant to the FTCA. *See* 28 U.S.C. §§ 1346(b) and 2671 *et seq.* The FTCA includes a limited waiver of sovereign immunity of the United States with respect to claims for money damages, injury or loss of property, or personal injury caused by the negligent or wrongful act or omission of any Government employee if the injury or loss was caused while the employee was acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). Suits brought under the FTCA are governed by the "the law of the place where the act or omission occurred." *Id.* Accordingly, Florida law governs this negligence action, as the accident occurred in Manatee County, Florida.

## I.  Liability

Plaintiff first argues that she is entitled to summary judgment as to liability "[b]ecause almost all the evidence, including experts hired by both sides and the physical evidence from the scene, support a finding that Ms. Prieto violated Ms. Porras' right of way and was therefore negligent." (Dkt. 63 at 11.) In support of her

contention, Plaintiff points to the deposition transcripts of a Florida Highway Patrol Trooper, who responded to the scene of the accident, and defense expert, Dr. Cummings, who provided an accident reconstruction based on photographs taken at the scene. (*Id.* at 3-6.) Plaintiff argues that both of these individuals have offered testimony that Ms. Prieto's vehicle was not fully established in the roadway and was still in the process of merging into traffic when the impact with Plaintiff occurred. (*Id.* at 3–6.) Plaintiff acknowledges, however, that Ms. Prieto testified that she was fully established in the lane of travel when Plaintiff violated her right of way. (*Id.* at 6, 11, 12.) Notwithstanding, Plaintiff argues that Ms. Prieto's testimony is "blatantly contradicted" by the record evidence and that summary judgment as to liability is appropriate since "the only evidence to the contrary is Ms. Prieto's deposition testimony." (*Id.* at 12, 14.)

In response, Defendant relies on the testimony of Ms. Prieto, which as Plaintiff concedes, portrays a different version of how the accident occurred. (Dkt. 71 at 1–2, 8–9.) Defendant further points to the portion of Dr. Cummings' deposition testimony to show that, although he disagreed with certain parts of Ms. Prieto's version of events, he did not form an opinion as to fault. (*Id.* at 10.) As such, Defendant contends that genuine issues of material fact remain as to who is at fault for this accident. (*Id.* at 8.)

Under Florida law, Plaintiff may recover if she can demonstrate the United States, acting through Ms. Prieto, was negligent. To establish negligence, four elements must be shown: (1) duty of care, (2) breach of that duty, (3) causation, and

(4) damages. *Jeffries v. Amery Leasing, Inc.*, 698 So. 2d 368, 370–71 (Fla. 5th DCA 1997). If Plaintiff establishes each of these elements, the court will also consider Plaintiff's negligence because under Florida law, the doctrine of comparative negligence applies, which allows a court to apportion liability between a negligent defendant and a negligent plaintiff. *See Hoffman v. Jones*, 280 So. 2d 431, 438 (Fla. 1973). Plaintiff bears the burden of proving fault on the part of Ms. Prieto by a preponderance of the evidence and likewise, Defendant has the burden of proving any negligence on the part of Plaintiff by a preponderance of the evidence.

In this case, Defendant has pointed to record evidence to create material issues of fact as to the first two elements, duty and breach. Specifically, Ms. Prieto's testimony that the accident occurred differently than what others have stated demonstrates that issues of fact remain as to whether Plaintiff exercised due care or was comparatively at fault when the accident occurred. (Dkt. 54 at 43:20-25–46:1-13, 77:3-25–80:1, 83:1-25–93:1-7, 94:23-25–98:1-5.) Plaintiff's contention that "*almost all the evidence, including experts hired by both sides and the physical evidence from the scene, support a finding that Ms. Prieto violated Ms. Porras' right of way and was therefore negligent*" goes to the weight and credibility of Plaintiff's evidence. However, at the summary judgment phase, "the Court cannot consider the relative merits or credibility of the parties' testimony or witnesses." *See Hicks v. United States*, No. 20-cv-61241-RAR, 2021 WL 5359724, at *2 (S.D. Fla. Nov. 16, 2021) (denying summary judgment in FTCA case and noting that "cases arising from motor vehicle

accidents are rarely ripe for summary judgment" as "drivers involved in an accident seldom recount identical versions of what happened"). As such, the court finds that both parties have presented conflicting testimony as to the cause of the accident, and that this conflicting testimony, and the likely need to assess the credibility of the witnesses, create genuine issues of material fact which preclude the entry of summary judgment. *See Buending v. Town of Redington Beach*, 10 F.4th 1125, 1130 (11th Cir. 2021) (stating that "[a] court may not weigh conflicting evidence or make credibility determinations of [its] own. If the record presents disputed issues of fact, the court may not decide them; rather, [it] must deny the motion and proceed to trial.") (internal quotation marks and citation omitted); *Hendrix v. United States*, No. 8:19-cv-1145-T-24-AAS, 2020 WL 6393823, at *3 n.3 (M.D. Fla. Nov. 2, 2020) (noting that although an expert opined that the accident in question could not have occurred the way the plaintiff described it, the court was "not permitted to weigh the evidence on a motion for summary judgment").

To the extent Plaintiff contends that the record evidence "blatantly contradicts" Ms. Prieto's testimony, that contention is without merit. Plaintiff cites to *Scott v. Harris*, 550 U.S. 372 (2007), which stated that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380. The circumstances in *Scott*, however, are distinguishable from the circumstances present here. In *Scott*,

the Supreme Court noted that the "unrebutted record evidence" was raw dashboard footage of the accident in question. *Scott*, 550 U.S. at 378. The Supreme Court stated that the lower courts "should have viewed the facts in the light depicted by the videotape." *Id.* at 380–81. Here, however, there is no such video evidence, or anything comparable. *See Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010) ("Where the video obviously contradicts Plaintiff's version of the facts, we accept the video's depiction instead of Plaintiff's account.") (quoting *Scott*, 550 U.S. 372). Thus, the court will not weigh the evidence at this phase of the case and Defendant's version of the facts is and must be credited. *See Morrison*, 323 F.3d at 924; *see also Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) ("When considering the record on summary judgment the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.") (internal quotation marks and citation omitted).

Lastly, to the extent Plaintiff seeks summary judgment as to her degree of fault (Dkt. 72 at 3), comparative negligence requires a factual assessment of comparative fault. *Narvaez v. Circle K. Stores, Inc.*, No. 8:14-cv-1549-T-TBM, 2015 WL 12762061, at *3 (M.D. Fla. May 14, 2015) (citing *Rodriguez v. Target Corp.*, No. 14-CIV-21115, 2014 WL 4954252, at *6 (S.D. Fla. Oct. 2, 2015)). Because the court finds a genuine dispute of material fact regarding Ms. Prieto's testimony and the cause of the accident, summary judgment as to comparative fault is not appropriate at this time. *See Krone v. Dick's Sporting Goods, Inc.*, No. 8:20-cv-2438-KKM-SPF, 2022 WL 486334, at *5

(M.D. Fla. Feb. 17, 2022) (noting that "[w]hen issues of fact exist as to the negligence of one party, the comparative negligence inquiry precludes entry of judgment as a matter of law").

## II. Causation

Plaintiff next argues that she is entitled to summary judgment on the issue of causation. (Dkt. 63 at 12.) Specifically, Plaintiff states that "[s]ince both sides agree that the collision has caused some injury to Plaintiff, Plaintiff is entitled to summary judgment." (*Id.* at 3.) In support of this contention, Plaintiff cites to the testimony of defense experts, Drs. Bullock and Schechter to demonstrate that no genuine issue of material facts exists as to whether the accident resulted in an exacerbation or aggravation injuries. (*Id.* at 7–8, 12–13.)

Defendant argues in response, however, that both sides do not agree that the accident caused injury to Plaintiff and there are disputed issues of material fact that prevent the entry of summary judgment on causation. (Dkt. 71 at 11.) Defendant relies on the testimony of defense expert, Dr. Marc Kaye, to show that genuine issues of material fact remain. (*Id.* at 11–14.)

Under Florida law, the plaintiff must show that "the defendant's negligence was the probable cause of the plaintiff's injury." *Hasenfus v. Secord*, 962 F.2d 1556, 1560 (11th Cir. 1992); *Gooding v. Univ. Hosp. Bldg., Inc.*, 445 So. 2d 1015, 1018 (Fla. 1984) ("Florida courts follow the more likely than not standard of causation and require proof that the negligence probably caused the plaintiff's injury."). "A mere possibility

of such causation is not enough." *Hasenfus*, 962 F.2d at 1560 (quoting *Gooding*, 445 So. 2d at 1018).  Moreover, when there is a "significant disagreement regarding the extent of [a plaintiff's] injuries and their relation" to an accident, courts should allow the presentation of all the evidence, "including medical evidence presented by experts who are subject to rigorous cross-examination." *Demeritt v. Wal-Mart Stores E.*, No. 6:20-cv-89-PGB-GJK, 2021 WL 3082685, at *4 (M.D. Fla. June 4, 2021) (citation omitted).

Upon review, the court finds that genuine issues of material fact remain regarding the causation of Plaintiff's cervical spine and right shoulder injuries.  As Defendant correctly notes, whether Plaintiff's injuries were caused by—or at least aggravated by—the car accident remain at issue.  For example, regardless of whether Dr. Bullock and Dr. Schechter definitively stated that Plaintiff's injuries were caused, exacerbated, or aggravated by the collision, Dr. Kaye has testified that in his medical opinion they were not.  (Dkt. 51-1 at 41:11-25–42:1-21; 46:12-18; 50:3-12; 51:16-20; 71:17-25–72:1-6; 74:20-25–75:1-2.)  As such, genuine issues of fact remain and summary judgment as to causation is denied.

### III. Permanency

Plaintiff's final argument is that she is entitled to summary judgment on the issue of permanency. (Dkt. 63 at 13.)  In support of her contention, Plaintiff points to the deposition of Dr. Bullock to show that he testified that Plaintiff's shoulder tear is a permanent injury, and that Plaintiff's surgery resulted in a permanent change. (*Id.*)

As such, Plaintiff contends that "[s]ince both sides agree that the collision resulted in a permanent injury within a reasonable degree of medical probability, Plaintiff is entitled to Summary Judgment." (*Id.*)

In response, Defendant contends that "[i]t is patently obvious that Plaintiff's treating doctors and Defendant's experts disagree to degree and extent of Plaintiff's injuries." (Dkt. 71 at 15.)  In support of this contention, Defendant cites to a portion of Dr. Bullock's testimony in which he stated "I'm not going to say that the injury [to the right shoulder] is permanent." (Dkt. 66-1 at 55:5-17.)

"[D]eterminations about the permanency of an injury are generally made by juries." *Wald v. Grainger*, 64 So. 3d 1201, 1204 (Fla. 2011) (citation omitted).  A plaintiff establishes a prima facie case of permanency by presenting expert testimony. *See id.*  The burden then "shifts to the defendant to present countervailing expert testimony" or "other evidence that creates a direct conflict with the plaintiff's evidence." *Id.* (citation omitted).  "If the defendant succeeds in this endeavor, a jury question is presented[.]" *Id.* at 1205.

Here, the court finds that a genuine dispute of material fact exists as to whether Plaintiff's injuries are considered permanent.  Specifically, the court notes that Dr. Bullock's testimony is internally inconsistent.  For example, at one point Dr. Bullock testified that "I'm not saying the injury is permanent." (Dkt. 63-1 at 55:9-10.)  However, a few questions later he agreed that "the tear" is permanent. (*Id.* at 55:24-25.)  Therefore, due to the conflicting nature and disputed meaning of Dr. Bullock's

responses, the court finds that it would be inappropriate to grant summary judgment on the issue of permanency.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion to Exclude Expert Testimony of Dr. Jeremy Cummings (Dkt. 57), Motion to Exclude Expert Testimony of Dr. James M. Bullock (Dkt. 59), and Motion to Exclude Expert Testimony of Dr. Neil Schechter (Dkt. 61) are **DENIED without prejudice**.

2. Plaintiff's Motion for Partial Summary Judgment on Causation, Liability and Permanency (Dkt. 63) is **DENIED**.

**ORDERED** in Tampa, Florida, on June 9, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record