UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARISA PORRAS,

    Plaintiff,

v.                                                               Case No: 8:21-cv-423-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

Plaintiff renews her motion to exclude the expert testimony of Defendant's expert, Dr. Jeremy Cummings. (Motion, Dkt. 140.) Defendant opposes the Motion. (Dkt. 146.) Upon consideration, Plaintiff's Motion is denied.

Plaintiff initially moved to exclude Dr. Cummings's testimony under *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993) in a pretrial motion filed on February 28, 2022. (Dkt. 57.)[1] The court denied the motion without prejudice with direction that "[i]f any shortcomings regarding the expert['s] qualifications arise or part of the expert['s] testimony appear[s] irrelevant or unreliable, Plaintiff may present her arguments through vigorous cross examination and the presentation of contrary evidence at trial." (Dkt. 100 at 5 (internal marks and citation omitted).) The court further stated that "[b]y proceeding in this manner, the court will be in a better position

---

[1] Plaintiff also moved to exclude the expert testimony of Defendant's experts Dr. James Bullock (Dkt. 59) and Dr. Neil Schechter (Dkt. 61).

to assess whether and how much weight to give Defendant's experts' testimony." (*Id.* at 6.)

The court held a bench trial in this matter on August 22 through August 26, 2022. At trial, Dr. Cummings testified and was subjected to cross-examination by Plaintiff's counsel as to his qualifications and the bases for his opinions. *See* (Dkt. 138.) Plaintiff now renews her motion to exclude Dr. Cummings's testimony and argues that "Dr. Cummings's trial testimony only confirms what has previously been argued to this Court about his underlying methodologies being unreliable and his ultimate conclusions being equally unreliable." (Dkt. 140 at 25.)

As the court has previously explained, in actions resulting in non-jury trials, such as this matter, "[t]here is considerable legal support for the proposition that the *Daubert* gatekeeping function is relaxed." *See SE Property Holdings, LLC v. Center*, No. 15-cv-0033-WS-C, 2017 WL 242610, at *3 (S.D. Ala. Jan. 19, 2017). Having received Dr. Cummings's testimony at trial, as well as the vigorous cross-examination by Plaintiff's counsel, the court declines to exclude Dr. Cummings's testimony and will consider Plaintiff's arguments as going to weight of that testimony. *See, e.g.*, *N.W.B. Imports & Exports, Inc. v. Eiras*, No. 3:03-cv-1071-J-2-MMH, 2005 WL 5960920, at *1 (M.D. Fla. Mar. 22, 2005) ("Because this is a non-jury trial, the gatekeeping purpose of *Daubert* is not implicated. The Court will therefore receive [the expert's] testimony, make a final admissibility decision and, if admissible, accord it the weight, if any, it deserves."); *T.T. Int'l Co. v. BMP Int'l, Inc.*, No. 8:19-cv-2044-CEH-AEP, 2022 WL 843588, at *4 (M.D. Fla. Mar. 22, 2022) ("At trial, the Court, as fact finder, is free to

later decide to disregard testimony in whole or in part and/or to decide how much weight to give it.") (citing *United States v. Brown*, 415 F.3d 1257, 1270 (11th Cir. 2005)).[2]

Accordingly, Plaintiff's Renewed Motion to Exclude Expert Testimony of Dr. Jeremy Cummings (Dkt. 140) is **DENIED**.

**ORDERED** in Tampa, Florida, on December 5, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[2] The parties are encouraged to address the appropriate weight to be given Dr. Cummings's testimony in their forthcoming proposed findings of fact and conclusions of law.