UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARISA PORRAS,

    Plaintiff,

v.                                                           Case No: 8:21-cv-423-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

Plaintiff moves the court to determine her entitlement to attorneys' fees and costs pursuant to Middle District of Florida Local Rule 7.01(b), 28 U.S.C. § 2412(b), Federal Rule of Civil Procedure 54(d)(2), Section 768.79 of the Florida Statutes, and Florida Rule of Civil Procedure 1.442. (Motion, Dkt. 169.) Defendant opposes the Motion (Dkt. 171), and Plaintiff has filed a reply to Defendant's opposition (Dkt. 174). Upon consideration and for the reasons that follow, Plaintiff's Motion is denied without prejudice.

## BACKGROUND

Plaintiff brought this action against Defendant United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, alleging one count of negligence arising from a vehicle collision between Plaintiff and a United States Postal Service (USPS) vehicle driven by USPS employee Natasha Prieto on March 5, 2019. (Dkt. 1.) The court held a five-day bench trial from August 22, 2022

to August 26, 2022. *See* (Dkts. 135, 137, 138, 139, 141.) On March 21, 2023, the court issued its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 and ordered judgment in favor of Plaintiff. (Dkt. 166.) The Clerk thereafter entered final judgment on behalf of Plaintiff and against Defendant in the total amount of $229,295.47. (Dkt. 167.) On April 4, 2023, Plaintiff filed the Motion seeking a determination of her entitlement to attorneys' fees. (Dkt. 169.) On May 22, 2023, Defendant filed a notice of appeal of the final judgment. (Dkt. 175.)

## APPLICABLE STANDARDS

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal. *In Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). However, the district court may retain jurisdiction to consider motions on matters that are collateral to the matters on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). Specifically, the district court may entertain a motion for attorneys' fees and costs after a notice of appeal has been filed in the underlying case. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) (per curiam) (citing *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982)).

Alternatively, the court has discretion to deny a motion for fees and costs without prejudice with leave to re-file after the appeal has concluded. *See* Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment (providing that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under

subdivision (d)(2)(B) a new period for filing after the appeal has been resolved"); *see also Universal Physician Servs., LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2020 WL 886867, at *1 (M.D. Fla. Feb. 24, 2020); *Short v. Immokalee Water & Sewage Dist.*, No. 2:18-cv-124-FTM-38CM, 2019 WL 8370780, at *1 (M.D. Fla. July 10, 2019) ("The district court may also deny a motion for attorneys' fees without prejudice with leave to refile after the appeal has concluded."); *The Indigo Room, Inc. v. City of Fort Myers*, No. 2:12-cv-39-FTM-38CM, 2014 WL 1174355, at *1 (M.D. Fla. Mar. 21, 2014) (denying motion for attorneys' fees without prejudice and with leave to re-file after entry of appellate court's mandate); *Southern-Owners Ins. Co. v. Wall 2 Walls Constr., LLC*, No. 8:12-cv-1922-T-33TBM, 2013 WL 6893254, at *1 (M.D. Fla. Dec. 31, 2013) (same).

## ANALYSIS

Upon consideration of Plaintiff's Motion (Dkt. 169) and Defendant's notice of appeal (Dkt. 175), the court finds that the ends of justice are best served by denying the Motion without prejudice with leave to re-file after the conclusion of the appeal. *See, e.g.*, *Bowers v. Universal City Dev. Partners, Ltd.*, No. 6:03-cv-985-Orl-18JGG, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005) (stating that "[i]f the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal"); *Pinto v. Rambosk*, No: 2:19-cv-551-JLB-MRM, 2021 WL 4263404, at *2 (M.D. Fla. Sept. 20, 2021) ("Notably, courts routinely defer ruling on motions for attorney's fees and costs pending appeal in the interest of

judicial economy.") (collecting cases).  Given the procedural posture of the case and Defendant's pending appeal, immediate resolution of the Motion is unwarranted.  *See Hess v. Coca-Cola Refreshments USA, Inc.*, No. 8:13-cv-3136-T-33EAJ, 2016 WL 99567, at *1 (M.D. Fla. Jan 8, 2016) ("Immediate resolution of the collateral issues of taxable costs and attorneys' fees and costs is unlikely to assist the Court of Appeals, and attorneys' fees and costs are often resolved in appellate mediation."); *U.S. ex rel. Ragghianti Founds. III, LLC v. Peter R. Brown Constr., Inc.*, No. 8:12-cv-942-T-33MAP, 2014 WL 5307490, at *1 (M.D. Fla. Oct. 16, 2014) ("Resolving [defendant's] Motion and Proposed Bill of Costs while the present appeal remains pending would require the Court to engage in piecemeal adjudication of costs, as the Court would be asked to repeat the procedure following the appeal.").

Accordingly, Plaintiff's Motion for Determination of Entitlement to Attorney's Fees and Non-Taxable Costs (Dkt. 169) is **DENIED without prejudice**.  Plaintiff may re-file the Motion within 30 days of the entry of a mandate by the Eleventh Circuit Court of Appeals on Defendant's pending appeal.

**ORDERED** in Tampa, Florida, on May 24, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record