UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARISA PORRAS,

    Plaintiff,

v.                                                                            Case No: 8:21-cv-423-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **ORDER**

Plaintiff filed a proposed bill of costs seeking taxable costs in this matter following the entry of judgment in her favor. (Dkt. 168.) Defendant objected to certain of Plaintiff's requested costs. (Dkt. 170.) Upon consideration, the court sustains Defendant's objections in part and awards Plaintiff $9,776.67 in taxable costs.

## **BACKGROUND**

Plaintiff brought this action against Defendant, the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., alleging one count of negligence arising from a vehicle collision between Plaintiff and a United States Postal Service vehicle on March 5, 2019. (Dkt. 1.) The court held a five-day bench trial from August 22, 2022 to August 26, 2022. (Dkts. 135, 137, 138, 139, 141.) On March 21, 2023, the court issued its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 and ordered judgment be entered in favor of

Plaintiff in the total amount of $229,295.47.  (Dkt. 166.)  The Clerk thereafter entered final judgment on behalf of Plaintiff and against Defendant.  (Dkt. 167.)

Plaintiff now seeks taxable costs in the amount of $18,214.24.  (Dkt. 168.)  In support of her proposed bill of costs, Plaintiff submits a spreadsheet detailing 66 claimed taxable costs, which includes the section of 28 U.S.C. § 1920 under which the cost is claimed, the name of the payee, the date of the invoice, the check number, the explanation of the payment, and the amount charged.  (*Id.* at 3–5.)  Plaintiff also submits supporting documentation, including invoices and billing records.  *See* (*id.* at 7–150.)  Defendant objects to the requested costs in part, and argues that Plaintiff should be awarded no more than $4,798.94 in taxable costs.  (Dkt. 170.)  Plaintiff has not responded to Defendant's objections.

**APPLICABLE STANDARDS**

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Rule 54(d) rule creates a strong presumption in favor of awarding costs to the prevailing party.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  However, "costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law."  Fed. R. Civ. P. 54(d)(1).  In civil actions brought against the United States, a judgment for taxable costs may be entered against the United States as limited to those costs enumerated in 28 U.S.C. § 1920.  28 U.S.C. § 2412(a)(1); *see also Yellow*

*Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (Rule 54(d)'s presumption of costs "ordinarily appl[ies] only to the costs that Congress defined as taxable under 28 U.S.C. § 1920.") (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)).

Section 1920 limits taxable costs to the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services. 28 U.S.C. § 1920. "These enumerated categories of taxable costs provided by § 1920 limit[] the discretion of federal courts to award costs under Rule 54(d)." *Yellow Pages Photos, Inc.*, 846 F.3d at 1166 (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Services Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). The court therefore may not award costs "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002); 28 U.S.C. § 2412(a)(1).

The prevailing party bears the burden of submitting a request demonstrating the costs incurred in the case and the prevailing party's entitlement to them. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). The party opposing the taxation of costs then "has the burden to show that circumstances are such that an award of costs is not warranted in a particular case." *JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F. Supp.

2d 1283, 1296 (M.D. Fla. 2006) (citing *Arcadian Fertilizer, L.P.*, 249 F.3d at 1296). "[T]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1355 (11th Cir. 2005) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1038–39 (11th Cir. 2000)).

## ANALYSIS

As the prevailing party in this action, Plaintiff is entitled to an award of taxable costs pursuant to Federal Rule of Civil Procedure 54. *See Head v. Medford*, 62 F.3d 351, 354–55 (11th Cir. 1995) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)[.]"). However, Plaintiff bears the burden of demonstrating her entitlement to the requested costs. *See Loranger*, 10.F.3d at 784.

### A. Fees of the Clerk

Plaintiff seeks taxable costs in the amount of $444.10 for fees of the Clerk. (Dkt. 168 at 1.) Defendant does not object to these costs. Accordingly, Plaintiff is awarded $444.10 in taxable costs for fees of the Clerk pursuant to 28 U.S.C. § 1920(1).

### B. Fees for Service of Summons and Subpoena

Plaintiff seeks taxable costs in the amount of $70 for service of the summons and subpoenas in this action. (Dkt. 168 at 1.) Upon review of Plaintiff's supporting materials, the court agrees with Defendant that Plaintiff appears to have conflated costs for the service of deposition and trial subpoenas under § 1920(1) with costs related to witnesses under § 1920(3). *See* (Dkt. 168 at 3–4, lines 26–39, 43.) "Under Section

1920(1), a prevailing party may recover service of process costs for the complaint, deposition subpoenas, and trial subpoenas." *Steffens v. Nocco*, No. 8:19-cv-1940-KKM-AAS, 2022 WL 1462144, at *1 (M.D. Fla. Apr. 21, 2022) (citing *Powell v. Carey Int'l., Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008)), *report and recommendation adopted,* 2022 WL 1459551 (M.D. Fla. May 9, 2022). Plaintiff seeks costs for service of the initial complaint (Dkt. 168 at 3, line 26), and service of 14 subpoenas on various witness and non-parties (*id.* at 4, lines 27–39, 43). Defendant objects to these costs to the extent that the amount requested exceeds the amount statutorily authorized by 28 U.S.C. §§ 1920, 1921, and as to those costs for service on Defendant's experts and employees. (Dkt. 170 at 3–5.)

Fees for service of process by private process servers may be taxed under § 1920, so long as the rates do not exceed those of the United States Marshals Service pursuant to 28 U.S.C. § 1921. *See Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014) (citing *United States E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)). "[W]hen the documentation from a private process server does not indicate the time expended to effectuate service or does not indicate the additional costs incurred by the private process server, courts limit recovery to the hourly rate charged by the U.S. Marshal for service." *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2015 WL 12839237, at *8 (M.D. Fla. June 10, 2015) (citing *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649–50 (S.D. Fla. 2007)), *report and recommendation adopted,* 2016 WL 355490 (M.D. Fla. Jan. 29, 2016). The applicable

rate for service by the Marshals Service in this matter is $65 per hour. *See* 28 C.F.R. § 0.114(a).

Upon consideration, the court sustains Defendant's objections and finds that Plaintiff is entitled to costs for service of the initial complaint and for seven subpoenas served thereafter, except that the costs for service of each subpoena will be reduced to $65 in accordance with 28 U.S.C. § 1921.[1] The court further sustains Defendant's objection as to service of subpoenas on Defendant's employees and experts as being unnecessary because Plaintiff has not put forth any reason that such costs were necessarily incurred. *See* (Dkt. 168 at 4, lines 33–39.) Accordingly, Plaintiff is entitled to $490 for service fees pursuant to 28 U.S.C. § 1920(1) ($65 for service of the complaint, $65 for service of six subpoenas, and $35 for service of one subpoena).

### C. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

Plaintiff seeks $13,126.89 in taxable costs for "printed or electronically recorded transcripts necessarily obtained for use in the case" pursuant to 28 U.S.C. § 1920(2). (Dkt. 168 at 1.) Defendant advances several objections to Plaintiff's requested costs. (Dkt. 170 at 5–13.) Upon consideration, Defendant's objections are sustained in part.[2]

---

[1] Plaintiff requested costs of $35 for service of one of the subpoenas. (Dkt. 168 at 4, line 43.)
[2] In its objections to Plaintiff's requested transcript costs, Defendant includes objections to service of process costs and copying costs and asks the court to reduce Plaintiff's requested transcript costs by $811 and $2,570.33, respectively. *See* (Dkt. 170 at 5, 8–9.) Defendant also appears to count some of its objections to certain of Plaintiff's requested transcript costs twice. *See, e.g.*, (Dkt. 170 at 7, 11) (asking the court to reduce Plaintiff's costs for the same transcription services twice). However, upon review of Plaintiff's supporting materials, the requested costs for printed or electronically recorded transcripts are accurately reflected in lines 3 through 25 of Plaintiff's spreadsheet. *See* (Dkt. 168 at 3.) The court will consider Defendant's objections to those entries in this section, and consider Defendant's objections to the other categories of taxable costs accordingly.

### 1. State Court Hearing

In her bill of costs, Plaintiff seeks $213 for a court reporter appearance fee and transcript for an April 24, 2019 hearing in Florida state court. (Dkt. 168 at 3, lines 3–4.) Plaintiff also submitted invoices reflecting the costs incurred. (*Id.* at 11–14.) Defendant objects to these costs because they were "for a hearing that occurred before a state court judge and before [P]laintiff filed her complaint." (Dkt. 170 at 5.) Defendant argues that these costs "were unnecessary for the litigation, not used at trial, and were simply for the convenience of counsel to aid in their investigation." (Dkt. 170 at 5.) Without additional explanation from Plaintiff, the court agrees. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 998 (11th Cir. 2012) ("[A]lthough a state-court transcript may be recoverable under § 1920(2), Lake County never mentioned the state-court proceeding that it transcribed in its filings in the district court, and, without further explanation by Lake County, it is unclear why the transcript was necessary for use in the case."); *Beasley v. Wells Fargo Bank, NA*, No. 6:20-cv-883-WWB-EJK, 2022 WL 18716682, at *6 (M.D. Fla. Aug. 4, 2022) ("Here, Lilac has not explained why the transcript from the circuit court was reasonably necessary in its preparation for trial, and it was not cited in support of Lilac's summary judgment motion."), *report and recommendation adopted,* 2022 WL 18716684 (M.D. Fla. Sept. 1, 2022). Costs for transcripts that "were merely incurred for convenience, to aid in thorough preparation,

or for purposes of investigation only. . . are not recoverable." *W&O, Inc.*, 213 F.3d at 620. Defendant's use of the traffic infraction hearing transcript in its opposition to Plaintiff's motion for partial summary judgment does not establish that Plaintiff's incurring of these costs was reasonably necessary for use in this case. *See, e.g.*, *Gadsby v. Am. Golf Corp. of California*, No. 2:10-cv-680-FTM-38CM, 2014 WL 5473555, at *13 (M.D. Fla. Oct. 28, 2014) (declining to tax costs for transcripts used by party opposing taxation of costs in opposition to summary judgment where "the party seeking costs does not provide documentation regarding the relevance of significance of the . . . transcripts"). Accordingly, Defendant's objection as to these costs is sustained.

### 2. Video Recordings

Defendant objects to costs for video recordings of the depositions of Peter Jones, Natasha Prieto, and Peter Bosco. (Dkt. 170 at 6–7.) Defendant argues that although the depositions were noticed to be video recorded and Defendant did not object, such video recording was unnecessary and Plaintiff is therefore not entitled to these costs. (*Id.*) The court agrees in part. When a party notices a deposition to be recorded by video "and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). However, "the prevailing party must still explain the necessity of obtaining both regular transcripts and videotaped copies for these costs to be taxable." *Schalamar Creek Mobile*

*Homeowner's Ass'n, Inc. v. Adler*, No. 8:19-cv-291-TPB-AEP, 2021 WL 6617451, at *9 (M.D. Fla. Dec. 7, 2021), *report and recommendation adopted sub nom. Atwood v. Adler*, 2022 WL 180794 (M.D. Fla. Jan. 20, 2022) (citing *Morrison*, 97 F.3d at 465); *see also Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, No. 8:15-cv-990-T-23TGW, 2018 WL 3769953, at *1 (M.D. Fla. Aug. 9, 2018) ("under *Morrison* recovering the cost of a videotaped deposition requires showing the necessity for a videotape").  The court agrees with Defendant that Plaintiff has not shown the necessity of video recording the depositions of Peter Jones and Natasha Prieto and will sustain Defendant's objections as to those costs.  (Dkt. 168 at 3, line 7–8.)  However, Peter Bosco's video deposition was played at trial because he had passed away prior to the trial date.  The court therefore finds Plaintiff to be entitled to costs for video recording Mr. Bosco's deposition and Defendant's objection as to those costs is overruled.  (Dkt. 168 at 3, line 13); *see, e.g.*, *Soricelli v. GEICO Indem. Co.*, No. 8:16-cv-1535-T-30TBM, 2018 WL 11351710, at *3 (M.D. Fla. Mar. 14, 2018) (awarding costs where "Plaintiff does not argue that he objected to this video recording at the time, and Ms. Pace's video deposition was played at trial") (citing *Morrison*, 97 F.3d at 465); *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307-Orl-40GJK, 2016 WL 7325544, at *3 (M.D. Fla. Aug. 31, 2016), *report and recommendation adopted,* 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016).

Nevertheless, the court will sustain Defendant's objection as to those charges that appear to reflect the preparation of Mr. Bosco's video deposition recording as an

exhibit at trial. *See* (Dkt. 168 at 3, line 24; *id.* at 75.) Preparation of a video exhibit at trial is a not a properly taxed cost under 28 U.S.C. § 1920, and the court therefore declines to tax the $60 spent on preparing Mr. Bosco's deposition for trial. *See, e.g.*, *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-T24-TGW, 2010 WL 1856060, at *5 (M.D. Fla. May 10, 2010) ("The Court agrees that § 1920 does not provide the Court with the authority to tax a video trial exhibit, and the Court declines to tax this video by reclassifying it as a deposition cost."). Accordingly, Defendant's objection is sustained as to the costs for video recording Mr. Jones's and Ms. Prieto's depositions ($835 and $115, respectively) and for the cost of preparing Mr. Bosco's deposition recording as an exhibit at trial ($60). The court finds that Plaintiff is entitled to taxable costs for Mr. Bosco's video deposition, subject to its consideration of Defendant's additional objection to this deposition discussed below.

### 3. Federal Court Hearing

Plaintiff seeks costs for court reporter services provided during a hearing before the undersigned on January 7, 2022 ($125). (Dkt. 168 at 3, line 19; *id.* at 65.) Defendant objects to this cost as being unnecessarily incurred. (Dkt. 170 at 7.)[3] Upon consideration, the court agrees with Defendant that Plaintiff has failed to demonstrate that this cost was necessarily incurred in this action. *See Loranger*, 10 F.3d at 784

---

[3] Defendant also objects to costs for what it claims is a court hearing on November 3, 2021. (Dkt. 170 at 7.) However, upon the court's review, these costs appear to be associated with a deposition of Belinda Gilbert on November 3, 2021, to which Defendant has also objected in its discussion of deposition transcripts. *See* (Dkt. 168 at 3, lines 11, 18; *id.* at 48, 63; Dkt. 170 at 11.) The court addresses Defendant's objections to Ms. Gilbert's deposition below.

(discussing prevailing party's burden to demonstrate entitlement to costs). Accordingly, Defendant's objection is sustained.

### 4. Unnecessary Depositions

Defendant objects to the costs associated with the deposition of Todd Limoncelli because it was "not necessary for this litigation, he did not appear at trial, [P]laintiff did not use him in any motion, and he did not appear on [P]laintiff's proposed witness list for trial." (Dkt. 170 at 8.) Upon consideration, the court finds that Plaintiff has failed to demonstrate that Mr. Limoncelli's deposition was necessary in this case. *Loranger*, 10 F.3d at 784. Defendant's objection is therefore sustained and the costs associated with Mr. Limoncelli's deposition will not be taxed.

Upon review of Plaintiff's supporting documentation, the costs associated with Mr. Limoncelli's deposition are reflected on two invoices, in which his costs are intermingled with another deponent, Nikolay Nikolov. *See* (Dkt. 168 at 3, lines 12, 16; *id.* at 50, 58–60.) From the invoices, the court can separate the costs associated with Mr. Limoncelli's deposition on one of the invoices and will therefore reduce that invoice by the amount associated with Mr. Limoncelli, $461.80. *See* (*id.* at 58–60.) On the other invoice, the court cannot distinguish between costs for Mr. Limoncelli and Mr. Nikolov and will therefore accept Defendant's suggestion and reduce that amount by half for a total of $111. (*Id.* at 50.)

Defendant also objects to costs associated with the deposition of Belinda Gilbert on November 3, 2021. *See* (Dkt. 168 at 3, lines 11, 18; *id.* at 48, 63.) Defendant

similarly argues that Ms. Gilbert's deposition was not used at trial, nor in any pleading, and that her deposition was taken for the convenience of counsel. (Dkt. 170 at 11.) As with Mr. Limoncelli's deposition, Plaintiff has not provided any explanation as to why costs for Ms. Gilbert's deposition were necessarily incurred, and the court therefore sustains Defendant's objection and will not tax costs for this deposition.

### 5. Non-taxable Deposition Costs

Defendant objects to the taxation of certain costs associated with several depositions as being non-recoverable expenses. (Dkt. 170 at 9–12.) Specifically, Defendant objects to the taxation of costs for "transcript technology" packages, condensed transcripts, handling and processing fees, media stock fees, overnight expedited transcript fees, administrative fees, read and sign fees, CD/DVD/flash drive duplication fees, medical/technical surcharge fees, post proceeding transcript request fees, Zoom fees, exhibit and handling package fees, and rush fees. (*Id.*) Defendant argues that these costs were incurred for the convenience of Plaintiff's counsel and are therefore not taxable pursuant to 28 U.S.C. § 1920(2). (*Id.*)

"Non-recoverable deposition costs include litigation packages, expedited transcript fees, rough drafts, shipping and handling fees, disc copies, and e-transcript fees." *McCullars v. Maloy*, No. 6:17-cv-1587-Orl-40GJK, 2020 WL 5822154, at *3 (M.D. Fla. Sept. 10, 2020) (citing *Thyfault v. 21st Century Oncology, LLC*, No. 3:16-cv-1094, 2019 WL 4016155, at *1-2 (M.D. Fla. Aug. 26, 2019)), *report and recommendation adopted,* 2020 WL 5822103 (M.D. Fla. Sept. 28, 2020); *Cates v. Zeltiq Aesthetics, Inc.*,

No. 6:19-cv-1670-PGB-LRH, 2021 WL 8200215, at *4 (M.D. Fla. Dec. 27, 2021), *report and recommendation adopted,* 2022 WL 20123591 (M.D. Fla. Jan. 11, 2022) (declining to award costs for "web conferencing"). Prevailing parties are also "not entitled to recover charges for delivery, expedited transcription, or for mini-transcription versions, which are for convenience of the parties." *Tarkenton v. Buth Na Bodhaige, Inc.*, No. 6:14-cv-342-Orl-37GJK, 2016 WL 7383312, at *3 (M.D. Fla. Mar. 9, 2016) (citing *Rodriguez v. Marble Care Intern., Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012)), *report and recommendation adopted,* 2016 WL 3563873 (M.D. Fla. July 1, 2016); *see also Kearney*, 2010 WL 1856060, at *2; *Nolen v. Fairshare Vacation Owners Ass'n*, No. 6:20-cv-330-PGB-EJK, 2022 WL 3136863, at *4 (M.D. Fla. May 26, 2022) ("The cost of a rough draft is generally not taxable absent a compelling reason that is not rooted in the convenience of the parties."), *report and recommendation adopted,* 2022 WL 3136843 (M.D. Fla. June 13, 2022). Additionally, courts have found that exhibit costs are recoverable where the exhibits were necessary to the deposition. *See, e.g.*, *Miller v. Allstate Prop. & Cas. Ins. Co.*, No. 8:17-cv-3056-T-02CPT, 2020 WL 4750888, at *3 (M.D. Fla. Aug. 17, 2020) ("Exhibits to the deposition are taxable.") (citing *Anwad v. Largo Med. Ctr., Inc.*, No. 8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *4 (M.D. Fla. Nov. 27, 2013)). However, courts have declined to award such costs where "the prevailing party 'has provided no information demonstrating that the copies of transcript exhibits were made for anything more than convenience of counsel.'" *Thayer v. Randy Marion Chevrolet Buick Cadillac, LLC*, No. 6:19-cv-784-GAP-LRH, 2021

WL 4994033, at *9 (M.D. Fla. Oct. 4, 2021) (citation omitted), *report and recommendation adopted,* 2021 WL 4991525 (M.D. Fla. Oct. 27, 2021).

Upon consideration and without an explanation as to the reasonableness or necessity of the objected-to costs from Plaintiff, the court will sustain Defendant's objections to the challenged costs. Specifically, the court will sustain Defendant's objections to several of the charges on the deposition invoices for the depositions of Gerry Smith, Peter Jones, Natasha Prieto, Nikolay Nikolov, Peter Bosco, Dr. Schechter, Dr. Kaye, Dr. Bullock, and Dr. Cummings. *See* (Dkt. 170 at 9.) Plaintiff is accordingly awarded costs for those deposition transcripts as explained below.

### 6. Summary of Transcript Costs Pursuant to 28 U.S.C. § 1920(2)

Upon consideration of Defendant's objections, Plaintiff is awarded fees for transcripts necessarily obtained for use in the case included in Plaintiff's Bill of Costs spreadsheet in the amount of $8,200.65, as detailed in the below table.

| Line | Description/Deponent | Requested Costs | Awarded Costs |
|---|---|---|---|
| 3 | State Court Hearing | $80 | $0 |
| 4 | State Court Hearing | $133 | $0 |
| 5 | Gerry Smith | $227 | $227[4] |
| 6 | Gerry Smith | $373.60 | $268.60 |
| 7 | Peter Jones | $835 | $0 |
| 8 | Natasha Prieto | $115 | $0 |

---

[4] Defendant did not object to this cost.

| | | | |
|---|---|---|---|
| 9 | Peter Jones | $1,555.44 | $738.80 |
| 10 | Natasha Prieto | $1,068.45 | $820.25 |
| 11 | Belinda Gilbert | $177 | $0 |
| 12 | Limoncelli/Nikolov | $222 | $95[5] |
| 13 | Peter Bosco | $655 | $630 |
| 14 | Peter Bosco | $247 | $215 |
| 15 | Marisa Porras | $262.30 | $262.30[6] |
| 16 | Limoncelli/Nikolov | $1000.40 | $218.60[7] |
| 17 | Peter Bosco | $608 | $288 |
| 18 | Belinda Gilbert | $490.60 | $0 |
| 19 | Federal Court Hearing | $125 | $0 |
| 20 | Dr. Schechter | $756 | $646 |
| 21 | Dr. Kaye | $766.50 | $656.50 |
| 22 | Dr. Bullock | $887.40 | $777.40 |
| 23 | Dr. Cummings | $1,501.20 | $1376.20 |
| 24 | Peter Bosco | $60 | $0 |
| 25 | Bench Trial Transcript | $981 | $981[8] |

---

[5] This amount represents a reduction of the requested costs by half to account for the inclusion of Mr. Limoncelli on the invoice, as well as an additional reduction of half of the objected-to administrative fee of $32 ($222 – $111 – $16 = $95).
[6] Defendant did not object to this cost.
[7] This amount represents a reduction of all costs associated with Mr. Limoncelli's deposition, as well as those object-to costs associated with Mr. Nikolov's deposition.
[8] Defendant did not object to this cost.

**TOTAL:**                                           $13,126.89                    $8,200.65

### D. Fees for Witnesses

Plaintiff seeks $1,805 in taxable costs for witness fees associated with 13 witnesses. (Dkt. 168 at 2.) Defendant objects to costs for nine of the witnesses and argues that Plaintiff "supplies no reason for their fees." (Dkt. 170 at 13–14.) Upon review of her supporting materials, Plaintiff appears to have conflated fees for service of the summons and subpoena pursuant to § 1920(1) with witness fees pursuant to § 1920(3). Accordingly, Defendant's objection is sustained as to those nine witnesses, and Plaintiff is not entitled to fees for those witnesses in addition to the costs for service of the subpoenas as discussed above.

Defendant does not object to Plaintiff's requested costs for four of the witness, Rick Swope, Kathleen Goerg (Bell), Dr. Matthew Hutchison, and Dr. Sean Mahan. *See* (Dkt. 170 at 13–14.) A prevailing party is entitled to taxable costs in the form of fees and disbursements for witnesses pursuant to 28 U.S.C. § 1920(3). Taxable costs for witnesses are further limited by 28 U.S.C. § 1821, "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs[.]" *Crawford Fitting Co.*, 482 U.S. at 445; *accord Primo v. State Farm Mut. Auto. Ins. Co.*, 661 F. App'x 661, 666–67 (11th Cir. 2016). Section 1821 limits a witness's per diem attendance fee to $40 per day, and limits any travel allowance to the mileage rate set by the Administrator of General Services, which in turn set a rate of $0.625 per

mile at the time of trial.[9]  Defendant does not object to the costs for these four witnesses, and the requested costs otherwise appear to comply with 28 U.S.C. § 1821. *See* (Dkt. 168 at 2.)  Accordingly, Plaintiff is awarded $444 in taxable costs for witness fees pursuant to 28 U.S.C. § 1920(3).

### E. Fees for Exemplification and the Costs of Making Copies of Any Materials where the Copies are Necessarily Obtained for Use in the Case

Plaintiff seeks $2,768.25 in taxable costs pursuant to 28 U.S.C. § 1920(4) for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  *See* (Dkt. 168 at 1.)  Defendant objects to $2,565.54 of these costs as reflected in lines 41–43 and 46–48 of Plaintiff's spreadsheet, and argues that Plaintiff has failed to provide sufficient documentation to establish that the costs were necessarily obtained for use in the case.  (Dkt. 170 at 14–16; *see also id.* at 8–9.)  Costs for "general copying . . . are . . . nonrecoverable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (citing 28 U.S.C. § 1920). Upon review, Plaintiff's invoices reflect only "printing and reproduction" charges with no additional explanation.  *See, e.g.*, (Dkt. 168 at 114–15.)  The court therefore agrees with Defendant that Plaintiff has failed to demonstrate that these costs were necessary and reasonably incurred in this case.  *See, e.g. Landi v. Home Depot USA, Inc.*, No. 2:17-cv-701-FtM-38MRM, 2020 WL 2933033, at *5 (M.D. Fla. June 3, 2020) ("Defendants

---

[9] *See* U.S. Gen. Servs. Admin., POV Milage Rates (Archived), https://www.gsa.gov/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-pov-mileage-reimbursement/pov-mileage-rates-archived (last visited Dec. 5, 2023).

do not identify the documents or say why they were copied or printed, so the Court cannot determine if they were necessary."); *Webb v. City of Venice*, No. 8:19-cv-3045-TPB-TGW, 2023 WL 5051879, at *5 (M.D. Fla. Mar. 24, 2023) ("The plaintiff does not provide 'sufficient detail or supporting documentation' for taxing these costs.") (citing *Loranger*, 10 F.3d at 784), *report and recommendation adopted as modified,* 2023 WL 4418446 (M.D. Fla. July 10, 2023).

Defendant also objects to $4.79 in postage costs as non-recoverable. (Dkt. 170 at 15–16.) Upon consideration, the court agrees that Plaintiff has failed to meet her burden and sustains Defendant's objection as to those costs as well. *See Duckwork*, 97 F.3d at 1399 (holding that postage is "clearly nonrecoverable" under § 1920). Accordingly, Defendant's objection is sustained as to $2,570.33 of Plaintiff requested costs for printing ($2,565.54 + $4.79). Plaintiff is awarded taxable costs in the amount of $197.92 pursuant to 28 U.S.C. § 1920(4).

## CONCLUSION

Upon consideration and for the foregoing reasons, Plaintiff is awarded taxable costs in this matter as follows:

**Fees of the Clerk:** $444.10.

**Fees for Service of Summons and Subpoena**: $490.

**Fees for Printed or Electronically Recorded Transcripts:** $8,200.65.

**Fees for Witnesses:** $444.

**Fees for Exemplification and the Costs of Making Copies:** $197.92.

**Total:** $9,776.67.

Accordingly:

1. Defendant's Objections to Plaintiff's Proposed Bill of Costs (Dkt. 168) (Dkt. 170) are sustained in part and overruled in part as discussed herein.

2. Plaintiff is awarded $9,776.67 in taxable costs against Defendant pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. §§ 1821, 1920, 1921.

3. The Clerk is directed to enter judgment accordingly.

**ORDERED** in Tampa, Florida, on December 8, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record