UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARISA PORRAS,

      Plaintiff,

v.                                   Case No: 8:21-cv-423-JSS

UNITED STATES OF AMERICA,

      Defendant.
_____/

## ORDER

      Plaintiff moves the court for an order that she is entitled to attorneys' fees and non-taxable costs in this matter pursuant to 28 U.S.C. § 2412(b), Federal Rule of Civil Procedure 54(d)(2), section 768.79 of the Florida Statutes, and Florida Rule of Civil Procedure 1.442. (Motion, Dkt. 180.) Defendant opposes the Motion. (Dkt. 183.) For the reasons that follow, Plaintiff's Motion is denied.

## BACKGROUND

      Plaintiff brought this action against Defendant, the United States of America, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., alleging one count of negligence arising from a vehicle collision between Plaintiff and a United States Postal Service vehicle on March 5, 2019. (Dkt. 1.) The court exercised jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b). (*Id.* ¶ 1.) The court held a five-day bench trial from August 22, 2022 to August 26, 2022. (Dkts. 135, 137, 138, 139, 141.) On March 21, 2023, the court issued its findings of fact and conclusions of

law pursuant to Federal Rule of Civil Procedure 52 and ordered judgment be entered in favor of Plaintiff in the total amount of $229,295.47. (Dkt. 166.) The Clerk thereafter entered final judgment on behalf of Plaintiff and against Defendant. (Dkt. 167.)

On April 4, 2023, Plaintiff filed a motion to determine her entitlement to attorneys' fees and non-taxable costs. (Dkt. 169.) Defendant then filed a notice of appeal of the final judgment. (Dkt. 175.) In light of Defendant's appeal, the court denied Plaintiff's initial motion without prejudice, and with leave to re-file the motion within 30 days of the entry of a mandate by the Eleventh Circuit Court of Appeals on Defendant's appeal. (Dkt. 177.) On July 20, 2023, the Eleventh Circuit granted Defendant's motion to voluntarily dismiss the appeal. (Dkt. 179.) Plaintiff thereafter timely re-filed her Motion seeking a determination of her entitlement to attorneys' fees and non-taxable costs. (Dkt. 180.) In support of her Motion, Plaintiff submits a proposal for settlement in the amount of $150,000 sent to Defendant on April 25, 2022 (Dkt. 180-1), timesheets demonstrating the hours that her counsel spent on this matter (Dkt. 180-2), and documents reflecting Plaintiff's non-taxable costs incurred in this matter (Dkt. 180-3).

## APPLICABLE STANDARDS

Middle District of Florida Local Rule 7.01 creates a bifurcated procedure for a party claiming post-judgment attorneys' fees and related non-taxable expenses. M.D. Fla. Loc. R. 7.01(a). The party seeking fees and expenses must first "obtain an order

determining entitlement before providing a supplemental motion on amount." *Id.* The party's motion on entitlement must specify the judgment and "the statute, rule, or other ground entitling the movant to the award," state the amount sought or provide a fair estimate thereof, and include a memorandum of law. M.D. Fla. Loc. R. 7.01(b). Following a determination of entitlement, the party must then file a supplemental motion to determine the amount of fees and expenses to be awarded. M.D. Fla. Loc. R. 7.01(c); *see Griffin v. Waste Pro of Fla., Inc.*, No. 3:22-cv-138-TJC-JBT, 2022 WL 17551749, at *1 (M.D. Fla. Dec. 9, 2022) ("Local Rule 7.01's bifurcated attorneys' fees procedure requires parties to first demonstrate an entitlement to attorneys' fees before filing a supplemental motion on amount.").

## ANALYSIS

Plaintiff asserts that she is entitled to an award of attorneys' fees and non-taxable costs pursuant to 28 U.S.C. § 2412(b), Federal Rule of Civil Procedure 54(d), section 768.79 of the Florida Statutes, and Florida Rule of Civil Procedure 1.442. (Dkt. 180.) On April 25, 2022, Plaintiff served Defendant with a proposal for settlement in the amount $150,000 pursuant to section 768.79 of the Florida Statutes and Florida Rule of Civil Procedure 1.442. (Dkt. 180-1.) Defendant did not timely accept Plaintiff's offer, and Plaintiff was then awarded a judgment that was 25 percent greater than the offer (Dkt. 167). (Dkt. 180.) Plaintiff thus argues that she is entitled to an award of attorneys' fees and non-taxable costs against Defendant from the date of the offer pursuant to Florida substantive law. (*Id.* at 5–8.)

Section 768.79 of the Florida Statutes provides:

> "[i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.

Fla. Stat. § 768.79(1). Florida Rule of Civil Procedure 1.442 provides the requirements for proposals for settlement. Fla. R. Civ. P. 1.442. The Eleventh Circuit has held that section 768.79 and certain sections of Florida Rule 1.442 are "substantive law for *Erie* purposes." *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011) (citing *Jones v. United Space Alliance, L.L.C.,* 494 F.3d 1306, 1309 (11th Cir. 2007)). The Eleventh Circuit has further held that Florida's offer of judgment statute applies in actions filed in Florida federal courts where those courts are applying substantive Florida law, such as in a diversity action or bankruptcy proceeding governed by state law. *See Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1151–53 (11th Cir. 2008). The Florida Supreme Court has also held that section 768.79 "is not a prevailing-party statute" but rather "operates to penalize a party who refuses to accept a good-faith, reasonable proposal for settlement as reflected in the ensuing final judgment." *Coates v. R.J. Reynolds Tobacco Co.*, 365 So. 3d 353, 356 (Fla. 2023).

Plaintiff argues that section 768.79 and Florida Rule 1.442 apply in this case because this matter is governed by Florida substantive law and Defendant may be sanctioned and ordered to pay attorneys' fees and non-taxable costs like any other private party. (Dkt. 180 at 5–21) (citing 28 U.S.C. § 1346(b); *Erie R.R. Co. v. Tompkins*,

304 U.S. 64 (1938)).)   Defendant responds that it has not waived its sovereign immunity to permit an award of attorneys' fees and non-taxable costs against it in this FTCA action, Eleventh Circuit precedent precludes a separate award of attorneys' fees and non-taxable costs against the United States, and section 768.79 and Florida Rule 1.442 are otherwise preempted by federal law.  (Dkt. 183.)  Upon consideration, the court agrees with Defendant and finds that Plaintiff is not entitled to an award of attorneys' fees and non-taxable costs in this matter.

## I.    Entitlement to Attorneys' Fees

"Any provision of law that 'renders the United States liable for attorney's fees for which it would not otherwise be liable . . . amounts to a partial waiver of sovereign immunity.'"  *United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1304 (11th Cir. 2019) (quoting *Ardestani v. Immigration & Naturalization Serv.*, 502 U.S. 129, 137 (1991)).  "The doctrine of sovereign immunity bars an award of attorneys' fees against the United States unless there is express statutory authorization for such an award." *Joe v. United States*, 772 F.2d 1535, 1536 (11th Cir. 1985) (citing *Fenton v. Fed. Ins. Adm'r*, 633 F.2d 1119, 1122 (5th Cir. 1981)).

The FTCA "is a specific, congressional exception to the general rule of sovereign immunity.  It allows the government to be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994).  The FTCA thus acts as a limited waiver of the sovereign immunity of the United States as codified

in 28 U.S.C. §§ 1346(b)(1) and 2674.  *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484

(2006).   Section 1346(b)(1) provides that federal district courts have exclusive

jurisdiction:

> of civil actions on claims against the United States, for money damages,
> . . . for injury or loss of property, or personal injury or death caused by
> the negligent or wrongful act or omission of any employee of the
> Government while acting within the scope of his office or employment,
> under circumstances where the United States, if a private person, would
> be liable to the claimant in accordance with the law of the place where
> the act or omission occurred.

28 U.S.C. § 1346.  Section 2674 similarly provides that "[t]he United States shall be

liable, respecting the provisions of this title relating to tort claims, in the same manner

and to the same extent as a private individual under like circumstances, but shall not

be liable for interest prior to judgment or for punitive damages."  28 U.S.C. § 2674; *see

also Dolan*, 546 U.S. at 485 ("As to claims falling within [§ 1346's] jurisdictional grant,

the FTCA, in a second provision, makes the United States liable 'in the same manner

and to the same extent as a private individual under like circumstances,' though not

'for interest prior to judgment or for punitive damages.'").

The Supreme Court has "consistently held that § 1346(b)'s reference to the 'law

of the place' means law of the State—the source of substantive liability under the

FTCA." *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) (quoting *F.D.I.C.

v. Meyer,* 510 U.S. 471, 478 (1994)).  Thus, "the FTCA was designed 'to provide redress

for ordinary torts recognized by state law.'"  *Id.* (quoting *Howell v. United States,* 932

F.2d 915, 917 (11th Cir. 1991)).  The court is therefore required "to apply state law to

determine the substantive liability of the United States" on Plaintiff's FTCA tort claim. *Creekmore v. United States*, 905 F.2d 1508, 1510 (11th Cir. 1990) (citing *Cole v. United States,* 846 F.2d 1290, 1294 n. 8 (11th Cir. 1988)); *accord Zelaya v. United States*, 781 F.3d 1315, 1323 (11th Cir. 2015) ("The FTCA was enacted to provide redress to injured individuals for ordinary torts recognized by state law but committed by federal employees.").

Plaintiff argues that Defendant must be held liable for attorneys' fees under section 768.79 and Florida Rule 1.442 because this matter is governed by Florida substantive law under the FTCA. (Dkt. 180 at 5–8.)  Plaintiff further asserts that "the FTCA does not specifically preclude the award of attorney's fees; rather it permits all damages compensable under the state's law except prejudgment interest and punitive damages." (Dkt. 180 at 17 (citing *North Dakota v. United States*, 567 F. Supp. 3d 1111, 1120 (D.N.D. 2021).)  However, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted); *accord Martin v. United States*, 439 F. App'x 842, 843 (11th Cir. 2011).  "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane*, 518 U.S. at 192 (citing *United States v. Williams,* 514 U.S. 527, 531 (1995) (when confronted with a purported waiver of the Federal Government's sovereign immunity, the Court will "constru[e] ambiguities in favor of immunity")).

In *Joe v. United States*, the Eleventh Circuit addressed whether a plaintiff "is entitled to attorneys' fees from the United States in an action brought under the FTCA, where the applicable state tort law would provide for attorneys' fees in an action against another party under state law."  772 F.2d at 1536.  The court interpreted the text of the FTCA and found that it "does not contain the express waiver of sovereign immunity necessary to permit a court to award attorneys' fees against the United States directly under that act."  *Id.* at 1537.  The Eleventh Circuit rejected an argument that § 2674 required the district court to award attorneys' fees in a wrongful death action against the United States because a Florida statute permitted attorneys' fees to be awarded in medical malpractice actions.  *Id.* at 1536–37.  In analyzing the act, the Eleventh Circuit found that "[t]he only mention of attorneys' fees within the FTCA occurs in Section 2678, which prohibits an attorney from charging fees in excess of 25 percent of the judgment."  *Id.*  The court looked to the legislative history of a 1966 amendment to that section and found that Congress "viewed FTCA claims as typically involving contingent fee agreements" and chose not to include the "express waiver of sovereign immunity necessary to permit a court to award attorneys' fees against the United States directly under that act."  *Id.* at 1537.  The court reaffirmed this holding a year later in *Johnson v. United States* and again held that the district court "had no authority to separately award attorney's fees against the United States."  780 F.2d 902, 910 (11th Cir. 1986).

In accordance with this precedent, the court holds that despite applying substantive Florida law to determine the issues of liability and damages on Plaintiff's tort claim against Defendant, the FTCA does not contain an express waiver of sovereign immunity necessary to permit a separate award of attorneys' fees to Plaintiff. *See Joe*, 772 F.2d at 1536 (denying award of attorneys' fees under FTCA while noting that the "lower court was [] bound to, and in fact did, follow the substantive law of Florida on the issues of liability and damages"); *United States v. Certain Real Prop., Located at 317 Nick Fitchard Rd., N.W., Huntsville, AL*, 579 F.3d 1315, 1320 (11th Cir. 2009) ("A waiver of the United States government's sovereign immunity must be 'unequivocal.'") (citing *Dep't of Energy v. Ohio,* 503 U.S. 607, 615 (1992)).

Plaintiff also asserts that she is entitled to attorneys' fees pursuant to the Equal Access to Justice Act (EAJA) and seeks an award of attorneys' fees pursuant to 28 U.S.C. § 2412(b).  (Dkt. 180 at 1) (asserting right to fees pursuant to § 2412(b) but offering no further argument regarding that statute).)  Section 2412(b) provides:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.  The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b).  "The award of attorneys' fees pursuant to § 2412(b) is discretionary rather than mandatory."  *Douglas v. United States*, No. 8:09-cv-2145-T-

33TBM, 2011 WL 4809224, at *1 (M.D. Fla. Oct. 11, 2011) (citing *Lucarelli v. United States,* 943 F. Supp. 157, 158 (D.P.R. 1996)).

Upon consideration, Plaintiff's assertion that she is entitled to attorneys' fees pursuant to § 2412(b) is also foreclosed by Eleventh Circuit precedent.  In *Joe*, the Eleventh Circuit rejected the appellant's argument that a Florida law was a "statute" within the meaning § 2412(b), such that appellant could rely on it to hold the United States liable for attorneys' fees "under the terms of any statute which specifically provides for such an award."  *Joe*, 772 F.2d at 1537.  The court concluded that the term "statute" within § 2412(b) "refers only to federal statutes" such that the Florida attorneys' fees provision did "not entitle appellant to an award of attorneys' fees from the United States."  *Id.*; *see also Johnson*, 780 F.2d at 910 ("[N]othing in either the FTCA or the EAJA [] indicate[s] that courts should diverge from the 'American rule' which 'refers to the tradition in the United States that litigants must bear their own attorney's fees.").  Other circuits have followed *Joe*'s analysis and held that a state statute does not authorize an award of attorneys' fees against the United States under either the EAJA or the FTCA.  *See, e.g.*, *Anderson v. United States*, 127 F.3d 1190, 1191 (9th Cir. 1997) ("There is no mention of waiver of sovereign immunity in the only section of the FTCA that mentions attorneys' fees. Such a waiver will not be inferred."); *Olson v. Norman*, 830 F.2d 811, 822 (8th Cir. 1987) ("We do not read § 2412(b) to subject the United States to liability for attorneys' fees based on state laws, be they statutory or common."); *United States v. Parsons Corp.*, 1 F.3d 944, 946 (9th Cir.

1993) (rejecting award of attorneys' fees under California statute where the term "'any statute' refers only to federal statutes"); *Jackson v. United States*, 881 F.2d 707, 712 (9th Cir. 1989) ("[T]he waiver of sovereign immunity is to be construed narrowly so that the government is never held liable for a plaintiff's attorney fees, even if the local substantive law permits recovery of fees against a private individual in like circumstances."); *but see Nelson v. United States*, 40 F.4th 1105, 1116 (10th Cir. 2022) (recognizing that "all of our sister circuits that have addressed the meaning of 'any statute' in § 2412(b) have 'concluded that . . . the term 'any statute' in section 2412(b) is limited to federal statutes'" but conducting a textual analysis to include state statutes within the United States' sovereign immunity waiver).  The court thus finds that Defendant has not waived its sovereign immunity under either the FTCA or the EAJA sufficient to permit a separate award of attorneys' fees pursuant to section 768.79 of the Florida Statutes and Florida Rule of Civil Procedure 1.442.

Plaintiff argues that Defendant may be liable for attorneys' fees where state substantive law applies, and relies on *Tri-State Hosp. Supply Corp. v. United States*, in which the District of Columbia Circuit Court of Appeals held that attorneys' fees could be recoverable against the United States "for abuse of process and malicious prosecution if 'the law of the place' where the tort occurred so provides."  341 F.3d 571, 572 (D.C. Cir. 2003) (citing 28 U.S.C. § 1346(b)(1)); *see* (Dkt. 180 at 15–17.) Plaintiff also relies on *North Dakota v. United States*, in which the district court looked to § 1346(b)(1) and state law to find that emergency response costs were recoverable

- 11 -

as damages from the alleged tortious activity of the United States under North Dakota law. 567 F. Supp. 3d 1111, 1121 (D.N.D. 2021). However, Plaintiff does not seek attorneys' fees as part of her damages arising from the underlying tortious activity in this matter, but rather as a separate item of recovery pursuant to an asserted entitlement under a Florida statute. As explained above, the Eleventh Circuit has held that neither the FTCA nor the EAJA contain the necessary waiver of sovereign immunity to permit the recovery of attorneys' fees as a separate item of recovery in FTCA actions when the authorization for recovery comes only from a state statute. *See Joe*, 772 F.2d at 1537.

Plaintiff also argues that section 768.79 of the Florida statutes operates as a penalty against Defendant's unreasonable conduct, rather than a prevailing party attorneys' fee statute and that the sanction imposed on Defendant is tied to its unreasonable and bad faith conduct rather than Plaintiff's judgment in this case. (Dkt. 180 at 8–10); *see also Coates*, 365 So. 3d at 356. However, the court does not read *Joe*'s holding to be so limited and Plaintiff has not cited binding authority that this distinction would overcome Defendant's limited waiver of sovereign immunity in the FTCA and EAJA to allow an award of attorneys' fees premised on a state statute.

For example, Plaintiff relies on *Limone v. United States*, in which the district court found that it had inherent authority to award attorneys' fees against the United States pursuant to 28 U.S.C. § 2412(b) where the "fees can be traced to the parties' bad faith conduct." 815 F. Supp. 2d 393, 400–02 (D. Mass. 2011) (citing *Lucarelli*, 943 F. Supp.

at 158).  In *Limone*, the court exercised its inherent authority to sanction the United States where "the government blocked access to the relevant documents—hiding behind specious procedural arguments, baseless motions to stay and 'emergency' motions to defer production, culminating in a frivolous interlocutory appeal."  *Id.* at 398–400 ("And as to all such actions, the plaintiffs bear the burden of showing bad faith.") (citing *United States v. Ford*, 737 F.2d 1506, 1509 (9th Cir. 1984)).  A court's inherent authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).  To invoke its inherent authority to sanction Defendant in this matter, the court must find that Defendant engaged in "the willful disobedience of a court order" or "acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Id.* (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381 (2013)); *see also Stive v. United States*, 366 F.3d 520, 524 (7th Cir. 2004) ("an award of attorneys' fees based on misconduct (however it is defined, exactly), [] is the only basis on which fees can be awarded against the government in tort claims suits").  Plaintiff has not established that Defendant's conduct in rejecting the settlement offer amounted to bad faith or improper conduct sufficient to invoke the court's inherent authority to issue sanctions in this matter, or that Defendant's conduct violated any other federal authority authorizing sanctions.  *Cf. Adamson v. Bowen*, 855 F.2d 668, 671 (10th Cir. 1988)

(holding that § 2412(b) waives Government's sovereign immunity for an award of attorneys' fees under Federal Rule of Civil Procedure 11, where § 2412(b) "would appear on its face to be sufficiently broad to waive the government's immunity from fee awards pursuant to the Federal Rules of Civil Procedure, which have 'the force of a federal statute.'") (citing *Sibbach v. Wilson & Co.,* 312 U.S. 1, 13 (1941)). Plaintiff has also not cited case law holding that a district court may be compelled to exercise its inherent authority pursuant to a state statute. The court therefore declines to exercise its inherent authority to sanction Defendant here.

Plaintiff also cites to *Pettit v. United States*, No. 2:13-cv-253, 2015 WL 5124869 (N.D. Ind. Aug. 31, 2015), to argue that Defendant "can be sanctioned or penalized with having to pay attorneys' fees—aside from any fee those attorneys may be able to recover from a plaintiff's recovery." (Dkt. 180 at 15.) In *Pettit*, the district court initially imposed sanctions on the United States for communications with a physician that were improper and sanctionable under Illinois law. *See Pettit v. United States*, No. 2:13-cv-253, 2015 WL 3605319, at *2 (N.D. Ind. June 8, 2015), *on reconsideration,* 2015 WL 5124869 (N.D. Ind. Aug. 31, 2015). However, on reconsideration, the court held that the Government's conduct was "authorized by applicable federal common law and not subject to sanctions." *Pettit*, 2015 WL 5124869, at *4 (N.D. Ind. Aug. 31, 2015). The court then released the United States from its obligation to pay the sanctions and required only that the United States pay plaintiff's fees in responding to the motion, which were incurred due to "Government counsel's lack of diligence that

- 14 -

created the need for the motion to reconsider." *Id.* at *6.  The *Pettit* court did not discuss its authority to impose such a sanction on the United States and to the extent *Pettit* is analogous to this situation, the court does not find it persuasive in light of the Eleventh Circuit's opinions in *Joe* and *Johnson*.

Accordingly, the court finds that Defendant has not waived its sovereign immunity sufficient to permit a separate award of attorneys' fees and Plaintiff has not established the court's authority to sanction Defendant in this FTCA action.

## II.    Entitlement to Non-Taxable Costs

Plaintiff also seeks a determination of entitlement to non-taxable costs in this matter pursuant to section 768.79(7)(b) of the Florida Statutes.  (Dkt. 180 at 20.) Section 768.79(7)(b) provides:

> If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.

Fla. Stat. § 768.79(7)(b).  Plaintiff argues that she is entitled to an award of non-taxable costs since April 25, 2022, which "are recoverable by Plaintiff as a penalty or sanction under Florida Statutes § 768.79 and Florida Rule of Civil Procedure 1.442 to the same extent as the reasonable value of [her] attorneys' fees."  (Dkt. 180 at 20.)  Defendant responds that Plaintiff is not entitled to an award of costs beyond those permitted by 28 U.S.C. § 1920.  (Dkt. 183 at 18–21.)

"A court may not 'grant attorneys' fees and costs against the United States in the absence of a congressional or constitutional waiver of sovereign immunity which grants it the authority to do so.'" *Ardestani v. U.S. Dep't of Just., I.N.S.*, 904 F.2d 1505, 1509 (11th Cir. 1990), *aff'd sub nom. Ardestani v. I.N.S.*, 502 U.S. 129, 112 (1991) (citing *Ewing & Thomas, P.A. v. Heye,* 803 F.2d 613, 616 (11th Cir. 1986)); *accord United States v. Certain Real Prop., Located at 317 Nick Fitchard Rd., N.W., Huntsville, AL*, 579 F.3d 1315, 1320 (11th Cir. 2009); *see also United States v. Fla. Cities Water Co.*, No. 93-281-CIV-FtM-21-D, 1997 WL 373746, at *2 (M.D. Fla. Feb. 3, 1997) ("This principle is equally applicable to the payment of costs and attorney's fees in litigation in which the United States is involved.  Without its consent, the United States cannot be held liable for the payment of costs or attorney's fees.").

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.  But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law."  Fed. R. Civ. P. 54(d).  Section 2412(a) authorizes the taxation of costs against the United States as enumerated in 28 U.S.C. § 1920.  28 U.S.C. § 2412(a). With respect to the award of non-taxable costs, which Plaintiff seeks here, § 2412(b) provides that the "United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."  As discussed above, the term "any statute"

- 16 -

in § 2412(b) refers only to federal statutes, and Plaintiff therefore cannot rely on the Florida offer of judgment statute to establish a waiver of Defendant's sovereign immunity as to non-taxable costs.  *See Joe*, 772 F.2d 1535.  Plaintiff has not identified any additional authority that would permit the court to award non-taxable costs against Defendant, and her request for non-taxable costs is therefore denied. [1]

CONCLUSION

Accordingly, Plaintiff's Renewed Motion for Determination of Entitlement to Attorney's Fees and Reasonable Costs (Dkt. 180) is **DENIED**.  Plaintiff is not entitled to an award of attorneys' fees and non-taxable expenses in this matter.

**ORDERED** in Tampa, Florida, on December 8, 2023.

JULIE S. SNEED<br>UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[1] Because the court finds that Defendant has not waived its sovereign immunity sufficient to permit an award of attorneys' fees and non-taxable costs against it, the court does not address Defendant's argument that the section 768.79 and Florida Rule 1.442 are preempted by federal law.

- 17 -